UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVON WASHINGTON

                                             **No. 12-CR-6072**
                              Petitioner,      **No. 16-CV-6008**
                                             **DECISION AND ORDER**

          -vs-

UNITED STATES OF AMERICA,

                              Respondent.

---

## I.   Introduction

     Petitioner Davon Washington ("Washington") is a federal prisoner currently serving a sentence of 180 months imprisonment following his plea of guilty on June 19, 2013 to possession of a firearm as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) under the Armed Career Criminal Act ("ACCA"). Washington was sentenced by the Honorable David G. Larimer on August 28, 2013, and he now moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

     At sentencing, Washington was adjudicated an armed career criminal based on three predicate convictions under New York law for burglary in the third degree, robbery in the third degree, and assault in the second degree.  His prior convictions were found to constitute violent felonies under the ACCA's residual clause. *See* 28 U.S.C. § 924(e)(2)(B)(ii).   Accordingly, Washington was sentenced to the above-stated term of imprisonment.[1]

---

[1] Based on his plea agreement, Washington's plea carried an offense level of 30 with a criminal history category of IV, resulting in a guideline imprisonment range with a minimum of 180 months.

Washington bases his collateral attack pursuant to the Supreme Court's recent ruling in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015). *Johnson* addressed the constitutionality of the ACCA's residual clause, which provided that a prior conviction qualified as a violent felony for purposes of sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* held that the imposition of an increased sentence under the residual clause violates due process as guaranteed by the Fifth Amendment of the United States Constitution because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

For the reasons that follow, the Court finds that Washington's sentence was based on the residual clause of ACCA and was thus rendered retroactively invalid under the rule announced *Johnson*. The Court therefore grants Washington's motion to vacate his sentence and transfers this case to Judge Larimer, the original sentencing judge, for re-sentencing.

**II. The Government's request for a stay.**

As a preliminary matter, the Court denies the Government's request for stay of the present proceedings based on the Supreme Court's recent decision in *Welch v. United States* (__ U.S. __, No. 15-6418, 2016 WL 1551144 [Apr. 18, 2016]). *Welch* held that the rule set forth in *Johnson* is retroactive on collateral review,

which confirms this Court's recent finding in *United States v. Zimmerman* (No. 13-CR-74, 16-CV-15 [W.D.N.Y. Mar. 4, 2016]) and pertinent Second Circuit caselaw. *See Rivera v. United States*, No. 13-4654 (2d Cir. 2015); *see also Rivera v. United States*, No. 03-CR-242, 13-CV-1742 (D. Conn. 2015); *Lynch v. United States*, 2015 WL 9450873, *2 (S.D.N.Y. 2015).

## III. Application of *Johnson* to Washington's Sentence.

The Government asserts that if *Johnson* is applied retroactively, Washington's three predicate convictions for burglary in the third degree, robbery in the third degree, and assault in the second degree would continue to qualify as violent felonies. Therefore, the Government contends that Washington is not entitled to reduction of his sentence. Washington responds that none of his predicate convictions qualify as a "violent felony" under the ACCA, which requires three such prior convictions.

With respect to Washington's conviction for robbery in the third degree and assault in the second degree, the Second Circuit has "previously determined that convictions pursuant to NYPL 160.05 (robbery in the third degree) and 120.05(2) (assault) qualify, categorically, as violent felonies under the Armed Career Criminal Act." *United States v. Williams*, 526 Fed.Appx. 29, 37 (2d Cir. 2013), cert. denied 134 S. Ct. 1911, 188 L. Ed. 2d 938 (2014); *See also United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006) (to

3

cause physical injury under § 120.05(2) by means of a deadly weapon or dangerous instrument is necessarily to use "physical force"); *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995); *United States v. Gonzales*, 2015 WL 9412926 (S.D.N.Y. 2015). Consequently, the Court finds that those two convictions constitute violent felonies under the ACCA. The Court notes Washington's objection to the delay in the Government's filing of the certificate of conviction pertaining to Washington assault conviction, 20 days after the deadline for the respondent brief, but finds that the issue is rendered moot by the analysis below regarding Washington's remaining conviction.

Washington specifically contends that his prior conviction for burglary in the third degree does not qualify as a violent felony under the ACCA because it does not contain an element of force. *See* N.Y. Penal Law §§ 140.20, 140.00 (2). The Government concedes that Washington's third-degree burglary conviction does not fit the definition of a  "generic" burglary as set forth in *Taylor v. United States* (495 U.S. 575 [1990]) to qualify as a violent felony under the ACCA, but asserts that under the "modified categorical approach," this Court should consider the facts underlying this conviction because New York Penal Law § 140.20 is a "divisible" statute. Governments's memorandum of law, p. 9.  Washington responds that § 140.20 is not a divisible statute because it "does

not create alternative elements that must be proven to and agreed upon by a jury." Washington's reply memorandum of law, p. 5.

In applying the ACCA at sentencing, courts have previously held that when a state burglary statute is broader than the federally-adopted equivalent, a District Court is entitled to make factual findings as to whether the conviction stemmed from conduct which fell within the narrower, federally adopted definition, which could be determined by looking at the terms of the accusatory instrument or plea agreement, or the transcript of factual colloquy at the time of the plea. *See United States v. Escalera*, 401 Fed.Appx. 571, 573 (2d Cir. 2010). However, the Supreme Court in *Decamps v. United States* clarified that the modified categorical approach, which applies to a narrow range of case, "merely assists the sentencing court in identifying the defendant's crime of conviction" when defendant is convicted of violating a divisible statute, which "lists multiple, alternative elements, and so effectively creates several different crimes." *Decamps,* __ U.S. __, 133 S. Ct. 2276, 2285 (2013).

Under New York State law, "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y. Penal Law § 140.20. In addition to its ordinary definition, a building "includes any structure, vehicle or watercraft used for overnight lodging of persons," or for carrying on business therein, an

elementary or secondary school, or an inclosed motor truck and trailer. N.Y. Penal Law § 140.00.

"In determining whether a given crime fits within the definition of the relevant predicate offenses, we take a categorical approach; that is, we generally look only to the statutory definition of the prior offense of conviction rather than to the underlying facts of that offense." *United States v. Folkes*, 622 F.3d 152, 157 (2d Cir. 2010), quoting *United States v. Brown*, 514 F.3d 256, 265 (2d Cir.2008), citing *Taylor v. United States*, 495 U.S. 575, 600 (1990) (internal quotation marks omitted). In its analysis of whether third-degree burglary under § 140.20 constituted a "crime of violence" under the United States Sentencing Guideline ("U.S.S.G.") § 2L1.2, the Second Circuit in *Folkes* applied the categorical approach and noted that it was bound by its ruling in *Brown*, which held that "third-degree burglary in violation of New York law was a crime of violence within the meaning of the" *residual clause* of § 4B1.2(a)(2), which is identical to the ACCA's *residual clause*. *Brown*, 514 F.3d 256, 269 (2d Cir. 2008) (emphasis added).

Following the Second Circuit's application of the categorical approach to the New York third-degree burglary statute in *Brown* and *Folkes*, this Court concludes that, under *Johnson*, a conviction for third-degree burglary under New York Penal Law § 140.20 no longer constitutes a crime of violence under the ACCA. *See Folkes*, 622

F.3d at 158; *see also James v. United States*, 660 U.S. 192, 197 (2007); *United States v. Maldonado*, No. 12-3487-CR, 2016 WL 229833, at *3 (2d Cir. 2016) (applying the Supreme Court's reasoning in *Johnson* and holding that defendant's prior attempted burglary in the third degree conviction in New York could not constitutes a predicate crime justifying his career offender status). The Court is unpersuaded by the Government's contention that § 140.20 is a divisible statute that would be subject to a modified categorical analysis. The definition of a building and an accompanying non-exhaustive list, as signified by the use of the word "includes," have not been found to be alternative elements nor indicative of a divisive statute. *See United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014); *United States v. Cabrera-Umanzor*, 728 F.3d 347, 353 (4th Cir.2013). Based on the foregoing discussion, the Court concludes that Washington's predicate conviction for burglary would no longer qualify as a violent felony under the ACCA.

Washington states that if he is resentenced based on *Johnson*, he would be subject to a new guideline range from a minimum of 21 to 27 months to a maximum of 57-71 months of imprisonment, depending on the offense level. He notes that he has already served approximately 44 months of his sentence. In the Court's view, resentencing by the original sentencing judge will best satisfy the requirements of due process in accordance with Rule 11 of the Federal Rules of Criminal Procedure, as the original

sentencing judge is in the best position to consider the parties' arguments regarding resentencing. The Court therefore transfers this case to the original sentencing judge for resentencing.

## IV. Conclusion

Washington's motion for vacatur and correction of his sentence (Doc. 50) is granted to the extent that the matter is transferred to the Honorable David G. Larimer for resentencing. The government's request for a stay of the proceedings is denied.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:      April 19, 2016
            Rochester, New York.