```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DAVON WASHINGTON

        Petitioner,

   -v-                                  No. 12-CR-6072
                                         No. 16-CV-6008

                                        **DECISION AND ORDER**

UNITED STATES OF AMERICA,

        Defendants.
_____

Petitioner Davon Washington ("Washington") is a federal prisoner who was sentenced to 180 months' imprisonment following his plea of guilty on June 19, 2013 to possession of a firearm as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) under the Armed Career Criminal Act (the "ACCA"). Washington was sentenced by the Honorable David G. Larimer on August 28, 2013. At sentencing, Washington was adjudicated an armed career criminal based on three predicate convictions under New York State law for burglary in the third degree, robbery in the third degree, and assault in the second degree.  His prior convictions were found to constitute violent felonies under the ACCA's residual clause. *See* 28 U.S.C. § 924(e)(2)(B)(ii).  On January 5, 2016, Washington moved to vacate his sentence under 28 U.S.C. § 2255 on the ground that the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (June 26, 2015) invalidated the residual clause of the ACCA.  By decision and order, entered April 10, 2016, this Court granted Washington's motion to vacate his sentence,

finding that his conviction for burglary in the third degree, which undisputedly does not fit the federally-adopted definition of generic burglary, does not qualify, categorically, as a violent felony under the ACCA.

The Government now moves for reconsideration and a stay of the Court's April 10, 2016 order granting Washington's motion by vacating his sentence and transferring the case to Judge Larimer for re-sentencing in accordance with that order. The Government's reconsideration motion, filed May 3, 2016, is based on the Supreme Court's anticipated decision in the appeal of *United States v. Mathis*, 786 F.3d 1068 (8th Cir. 2015). In *Mathis*, the Eight Circuit held that the modified-categorical approach could be used to reach the facts underlying an overly-broad Iowa burglary conviction to determine whether the conviction could be used to uphold Mathis's sentence under the ACCA.

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003), quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000); *see also In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (a reconsideration motion is not an opportunity for the moving party "to reargue those issues already considered [by the Court] when a party does not like the way the original motion was resolved."). Nevertheless, "[r]econsideration may be granted to correct clear error, prevent manifest injustice or

2

review the court's decision in light of the availability of new evidence." *Id.*, citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

The Government's request for a stay has been rendered moot by the Supreme Court's decision in *Mathis* reversing the Eight Circuit decision, which was decided on June 23, 2016. *See United States v. Mathis*, __ S.Ct. __, No. 15-6092, 2016 WL 3434400 (June 23, 2016). More importantly, in *Mathis*, the Supreme Court held that the Iowa burglary statute "cover[ed] a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)," as this Court found in the instant case with respect to the New York burglary statute. *Mathis*, __ S.Ct. __, 2016 WL 3434400, at *6. Accordingly, Mathis's prior convictions for burglary did not qualify as predicate violent felony offenses under the ACCA. *Mathis,* __ S.Ct. __, 2016 WL 3434400, at *12. Additionally, and relevant to the instant case, Supreme Court also upheld its holding under *Taylor v. United States* (495 U.S. 575 [1990]) that "a sentencing judge may look only to the elements of the [offense], not to the facts of [the] defendant's conduct." *Mathis,* __ S.Ct. __, 2016 WL 3434400, at *6. Consequently, the Government's motion for reconsideration is denied.

**SO ORDERED.**

                                                 S/ Michael A. Telesca
                                                 MICHAEL A. TELESCA
                                                 United States District Judge

Dated:    June 30, 2016
            Rochester, New York